**Charles F. WALSH, Plaintiff,**

v.

**PORT AUTHORITY TRANS–HUDSON CORPORATION, Defendant.**

**Civ. A. No. 89–1991(WGB).**

United States District Court,
D. New Jersey.

Feb. 4, 1993.

Coffey & Kaye by Patrick T. Henigan, Bala Cynwyd, PA, for plaintiff.

Donald Burke, Hugh H. Welsh, Newark, NJ, for defendant.

## OPINION

BASSLER, District Judge:

The defendant, the Port Authority Trans–Hudson Corporation, ["PATH"] moves to dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R.Civ.P. 12(b)(1). For the following reasons, the Court grants the motion and dismisses the complaint.

## I. BACKGROUND

The plaintiff, Charles F. Walsh, filed suit in this Court on May 9, 1989 under the Federal Employers' Liability Act, ["FELA"] 45 U.S.C. § 51 et seq. Walsh alleges that the negligence of PATH and its agents on Oct. 6, 1986 resulted in a passenger train door slamming into his right wrist and arm, seriously injuring him. Walsh worked for PATH at the time.

The Port Authority of New York and New Jersey ["the Port Authority"] is an agency of the states of New York and New Jersey, created by a bistate compact which was ratified by Congress. 42 Stat. 174 (1921). The defendant, PATH, is a regional rail commuter system operated as a wholly-owned subsidiary of the Port Authority. PATH is subject to suit to the same extent as the Port Authority. *See* N.J.Stat.Ann. § 32:1–35.61 (West 1990); N.Y.Unconsol.Law § 6612 (McKinney 1979).

## II. DISCUSSION

This motion turns on whether Walsh's complaint, which was filed more than two years after the alleged negligent conduct, is barred by the one-year limitation provision in the Port Authority's consent-to-suit statutes and the Eleventh Amendment to the United States Constitution. Walsh argues that the three-year limitation period under FELA applies.

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State.

The United States Supreme Court, drawing upon principles of sovereign immunity, has construed the amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (quoting *Employees v. Missouri Dept. of Public Health and Welfare*, 411 U.S. 279, 280, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973)).

The Eleventh Amendment may bar a suit even though a state is not named as a party to the action, provided the state is the real party in interest. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). The Third Circuit has held that the Port Authority is considered a state agency entitled to Eleventh Amendment immunity. *Port Authority Police Benevolent Assoc. v. Port Authority of New York and New Jersey*, 819

F.2d 413, 415 (3d Cir.), *cert. denied,* 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987); *but see Feeney v. Port Authority Trans–Hudson Corp.,* 873 F.2d 628, 630 (2d Cir.1989), *aff'd on other grounds,* 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) (holding that the Port Authority is *not* a state agency for Eleventh Amendment purposes).

■ This circuit has also held that PATH, the Port Authority's wholly owned subsidiary, is also a state agency. *Leadbeater v. Port Authority Trans–Hudson Corp.,* 873 F.2d 45, (3d Cir.1989), *vacated on other grounds,* 495 U.S. 926, 110 S.Ct. 2163, 109 L.Ed.2d 493 (1990). Therefore, PATH is entitled to immunity under the Eleventh Amendment, unless one of the two narrow exceptions to the coverage of the amendment applies.

■ Under the first exception, a state may waive its immunity and consent to be sued in federal court. *See Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 882, 27 L.Ed. 780 (1883). Second, Congress may abrogate this immunity, without the states' consent, when it acts under Section 5 of the Fourteenth Amendment "to enforce, by appropriate legislation" the substantive provisions of that amendment. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). The United States Supreme Court has also indicated that Congress' authority to abrogate the states' immunity extends, to a limited extent, beyond Section 5 of the Fourteenth Amendment. *See County of Oneida v. Oneida Indian Nation of New York,* 470 U.S. 226, 252, 105 S.Ct. 1245, 1260, 84 L.Ed.2d 169 (1985).

Walsh argues that both exceptions apply here. He asserts that the states of New York and New Jersey have completely waived their sovereign immunity concerning PATH. Furthermore, he asserts that Congress, in enacting FELA, abrogated the Eleventh Amendment immunity for state agencies sued under that remedial statute.

■ The Court concludes that PATH has only partially, and not completely, waived its sovereign immunity under the Eleventh Amendment. The legislatures of New York and New Jersey have imposed statutory conditions to suit. *See* N.J.S.A. 32:1–163; N.Y.Unconsol.Law § 7107 (McKinney 1979). Both states have imposed a one-year limitation period in which to sue the Port Authority or its subsidiaries. *Id.*

Walsh cites *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) for the proposition that PATH has waived *all* Eleventh Amendment immunity to suit. The Court finds that the decision does not sweep that broadly. In *Feeney,* the United States Supreme Court found that the venue provision in the Port Authority consent-to-sue statutes of New York and New Jersey, by mentioning "judicial district[s]," demonstrated the states' consent to suit in federal court. *Id.* at 307, 110 S.Ct. at 1874.

■ The Supreme Court, however, noted that New York and New Jersey did not give unlimited consent to suit:

> Although one might not look first to a venue provision to find evidence of waiver of sovereign immunity, we believe that the provision directly indicates the extent of the States' waiver embodied in the consent provision. The States passed the venue and consent to suit provisions as portions of the same Acts that set forth the nature, timing and extent of the States' consent to suit.

*Id.* Contrary to what Walsh's argument implies, a state need not make waiver of Eleventh Amendment immunity an all-or-nothing proposition. It may impose conditions on such a waiver. *See Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (state's interest in Eleventh Amendment immunity extends not only to whether it may be sued, but where it may be sued). New York and New Jersey have imposed such conditions here.

■ Walsh's Congressional abrogation argument also lacks merit. The United States Supreme Court, in *Welch v. Texas Dept. of Highways & Public Transp.,* 483 U.S. 468, 476–78, 107 S.Ct. 2941, 2947–48, 97 L.Ed.2d 389 (1987), expressly held that FELA and its maritime counterpart, the

Jones Act, 46 U.S.C.App. § 688, did not abrogate the states' Eleventh Amendment immunity.

In support of his position that, by enacting FELA, Congress has abrogated PATH's sovereign immunity. Walsh relies on *Hilton v. South Carolina Public Ry. Comm.,* —— U.S. ——, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991), which held that FELA created a cause of action against a state-owned railroad in state court.

But the teaching of *Hilton* is inapposite here, since that case was on appeal from the South Carolina Supreme Court and, therefore, did not involve the Eleventh Amendment, which applies only to suits in federal court.

In fashioning a rule of constitutional law based on the Eleventh Amendment, the United States Supreme Court in *Welch* stated that "Congress may abrogate the States' constitutionally secured immunity from suit in federal court *only* by making its intention unmistakably clear in the language of the statute." 483 U.S. at 471, 107 S.Ct. at 2945 (quoting *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985) (emphasis added). And in *Hilton,* the Supreme Court acknowledged that it had decided in *Welch* that FELA's language, for Eleventh Amendment purposes, does not amount to a clear statement of Congress' intent to abrogate state sovereign immunity. —— U.S. at ——, ——, 112 S.Ct. at 565, 567.

In short, PATH is entitled to protection under the Eleventh Amendment and has consented to suit only within the statutorily imposed period of one year. Having failed to file suit within a year of the allegedly negligent conduct, Walsh has failed to meet that condition. Therefore, the Eleventh Amendment bars his claim.

## III. CONCLUSION

For the reasons discussed above, the Court grants PATH's motion and dismisses the complaint for lack of subject matter jurisdiction under Rule 12(b)(1).